6928

## STATE v. WASHINGTON.

1. ROADS—ADVERSE USE.—By a continuous adverse use for twenty years, the public may acquire a prescriptive right to a road over any lands which is subject to the right of the State to lay out roads over.

2. CHARGE.—If reading a statute not applicable to the issues in a case be error, it will not work reversal unless it be made to appear it was prejudicial.

3. NEW TRIAL.—Refusal of motion for new trial on question of fact is not reversible error.

Before JAMES ALDRICH, J., Greenwood, October Term, 1906. Affirmed.

Indictment against Dennis Washington for obstructing neighborhood road. From sentence on verdict of guilty, defendant appeals on the following exceptions, alleging error:

I. "In charging the jury as follows: 'A neighborhood road is one of those which leads from one public place to another, for instance, to a church or mill or to a public highway, or connects two public highways.' The errors in said charge being as follows: (a) It makes any road to a public highway a neighborhood road, even if it starts from his own house and goes entirely through his own land to a public highway. (b) That it defines a road to a mill as a neighborhood road, whereas, when a man builds a mill on his own land, he impliedly invites people to come to it to have their work done, and, therefore, they travel over his land by his permission, which he may revoke whenever he wishes, and such permission is revoked by moving or discontinuing the mill. This error was especially harmful and prejudicial to the defendant, because the jury was thereby led to think that every road to a mill was necessarily a neighborhood road, and all the evidence in the case showed that the road

was opened by Mr. Vance through his own land for the convenience of the people who might want to go to his mill. (c) That the legal and proper definition of a neighborhood road is : a road from one public place to another or from one public highway to another which is used by the general public, and which the general public has acquired a prescriptive right to use by continuous and adverse use of the same for twenty years or more. (d) That the said charge confounds all distinctions of public roads and private rights of way, and allows a jury to find that any traveled way is a public road.

II. "In charging the jury as follows: 'If a neighborhood road leads from one place to another, as I have stated to you, for instance, to a mill or a highway, and the neighbors use that road there continuously, adversely, for twenty years, that use of the road amounts to an estopment,' etc., the errors in said charge being as follows: (a) A road to a mill can not be a neighborhood road. (b) The use of a road to a mill can only be permissive until it is shown that the owner of the mill has revoked that permission, and that, notwithstanding such revocation, the people have continued to use such road, adversely and against the will of the owner of the land, for twenty years or more after such revocation of permission.

III. "In reading in his charge to the jury the statute against obstructing public highways, the errors in such charge being as follows: (a) That the indictment was not for obstructing a 'public highway,' but for obstructing a 'private path' or 'neighborhood road,' and hence reading the said statute could only confuse and mislead the jury, to the injury of the defendant. (b) That the said statute was entirely irrelevant to the issue here involved, and the reading of the same was manifestly to the prejudice of the defendant.

IV. "In charging the jury at all on the question of public highways and neighborhood roads, there being no evidence that the road in question belonged to either class, and all the

evidence showing that the prosecutor was invoking the aid of the criminal law in the assertion of a purely private right.

V. "In refusing defendant's motion for a new trial, because a clear preponderance of the evidence showed that the defendant opened the road through his place after he bought it in 1890, and, therefore, it had not had time to ripen into a private right of way when the prosecution was brought.

VI. "In refusing the motion for a new trial, because the evidence showed that since the old Vance mill was discontinued, in 1882, nobody has used the mill road except the prosecutor and the defendant.

VII. "In refusing the motion for a new trial, when all the evidence in the case showed that the road to the mill was opened by Mr. Vance through his own land to his mill for the benefit of those going to his mill, and hence could not have become a public road."

*Mr. Ellis G. Graydon,* for appellant, cites : *Neighborhood road:* 2 Strob., 61; 1 McM., 47; 11 S. C., 360. *Private way:* 11 S. C., 532. *Reading to jury statute as to obstructing public highways was error:* 11 S. C., 373; 61 S. C., 27.

*Solicitor R. A. Cooper,* contra. Oral argument.

June 27, 1908. The opinion of the Court was delivered by

Mr. Justice Gary. The defendant was convicted, under an indictment in which it was charged "that this defendant did wilfully, unlawfully and maliciously obstruct a certain neighborhood road, said road running from the public highway leading from Hodges, South Carolina, to Smith's old bridge, north to the public highway leading from Hodges, South Carolina, to Mulberry, South Carolina, by plowing up and planting a section of said road, and building, erecting and maintaining a structure over and across the same, and

that by such obstruction the neighborhood and the public have been deprived of the use of said road, the said road having been used continuously and uninterruptedly by the neighborhood and the public for more than twenty years last past before the obstruction of the same, and has thereby become a public road."

The defendant appealed upon exceptions which will be set out in the report of the case.

The first assignment of error is based upon the charge of his Honor, the presiding Judge, that a neighborhood 1 road is one of those which leads from one public place to another, for instance, to a church or mill, or a public highway, or connects two public highways.

The presiding Judge, also, charged the jury as follows: "Mr. Graydon: I don't think you said anything to the jury about a permissive use of the road. The Court: Counsel has called my attention to that point. The public acquire the use of the road by twenty years' continuous, adverse possession of the land, and thereby acquire the right, if it is done adversely and continuously for twenty years. It has to be used by the public, as I have stated, continuously and adversely for twenty years or more, before they can acquire the right to do it. Now, the owner of the land can grant permission to a man or friend or let the neighborhood ride over his land, and if the neighborhood take it from him as a matter of grace, and doesn't do it adversely, that is permissive use; and the right, the twenty years to which I referred, must be adverse use. Permissive use by the owner or owners of the land will never ripen into a road, a neighborhood road, for which he can be indicted."

In the case of the *State* v. *Sartor,* 2 Strob., 60, 66, the Court uses this language: "In the case of a public way every man holds his land subject to the right of the State to lay out roads for public purposes. This being so, if the way be found to exist long enough to presume a dedication, the

right to regard it as public, if its other characteristics be found, is made out."

By continuous adverse use for twenty years the public may acquire a prescriptive right to a road over any land, which is subject to the right of the State to lay out a road over it.  *State* v. *Tyler,* 54 S. C., 294, 32 S. E., 422; *State* v. *Toale,* 74 S. C., 425, 54 S. E., 608.

The charge was free from error, and this exception is overruled.

The second exception is also overruled for the reasons just stated.

The third exception cannot be sustained for the reason that, even if there was error, it has not been made to appear that it was prejudicial.

The fourth exception must be overruled, for the reason that the indictment charges the unlawful obstruction of a neighborhood road, and there was testimony tending to sustain the said allegations.

The fifth exception cannot be sustained, for the reason that it merely involves a question of fact.

It is only necessary to refer to the testimony of June C. Wilson, the principal witness for the State, to show that the sixth exception cannot be sustained, which testimony is as follows: "Do you know this road that we are talking about here? Yes, sir. How long have you known it? I have known that road about twenty-six years. Has it or not been traveled by the public, used continuously by the public, for that time? Yes, sir. Where does it run? From Lewis Johnson's house out to the road leading from Hodges, to Smith's old ferry bridge, on the right-hand side coming from Lewis Johnson's."

The seventh exception is disposed of by what has already been said.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.